# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
## at Knoxville

| | |
|---|---|
| **MARY BURDINE** | : |
| | :    Civil Action No. 3:19-cv-00176-TRM-HBG |
| *Plaintiff,* | : |
| | : |
| v. | : |
| | :    JURY DEMANDED |
| **STANLEY F. RODEN** | : |
| | : |
| *Defendant.* | : |

## ANSWER

Defendant, Stanley F. Roden, by and through his attorneys, Grant, Konvalinka & Harrison, P.C., hereby responds to the Complaint hereinbefore filed against him as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the individually numbered allegations of the Complaint, Defendant states as follows:

1. Defendant admits the allegations describing the causes of action but denies engaging in any illegal activities, and specifically denies violating the Fair Debt Collection Practices Act or invading Plaintiff's "personal and financial privacy."

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. As to the allegations of Paragraph 4 of the Complaint, Defendant admits that venue is proper in this district but denies the validity of Plaintiff's claims.

5. Defendant admits the allegations of Paragraph 5 of the Complaint upon information and belief.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant neither admits nor denies the allegations of Paragraph 11 of the Complaint but avers that the cited statute speaks for itself.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Complaint upon information and belief.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Defendant admits the allegations of Paragraph 15 of the Complaint.

16. As to the allegations of Paragraph 16 of the Complaint, Defendant avers that the referenced documents speak for themselves and that the characterization of those documents as a communication is a legal determination which requires no response.

17. Defendant avers the allegations of the civil summons referenced in Paragraph 17 of the Complaint speak for themselves.

18. In response to Paragraph 18 of the Complaint, Defendant avers that the affidavit of Heather Roberts speaks for itself.

19. Defendant admits the allegations of Paragraph 19 of the Complaint.

20. In response to the allegations of Paragraph 20 of the Complaint, Defendant avers that the Notice speaks for itself.

21. Defendant admits the allegations of Paragraph 21 of the Complaint to the extent they allege that Defendant sent Plaintiff's attorney a letter on or about August 28, 2018. Defendant avers that Plaintiff was fully aware of the identity of the facility with which she contracted.

22. As to the allegations of Paragraph 22 of the Complaint, Defendant avers that the contract speaks for itself.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the Complaint and therefore denies same.

24. Defendant admits the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. As to the allegations of Paragraphs 27 through 31 of the Complaint, these paragraphs are simply Plaintiff's characterizations of the Fair Debt Collection Practices Act and constitute neither statements of fact nor allegations of any cause of action, and therefore are not appropriate for a Complaint and should therefore be stricken.

28. Defendant denies the allegations of Paragraph 32 of the Complaint.

29. Defendant denies the allegations of Paragraph 33 of the Complaint.

30. Defendant denies the allegations of Paragraph 34 of the Complaint.

31. Defendant denies the allegations of Paragraph 35 of the Complaint.

32. Defendant denies the allegations of Paragraph 36 of the Complaint.

33. Defendant denies the allegations of Paragraph 37 of the Complaint.

34. Defendant denies the allegations of Paragraph 38 of the Complaint.

35. Defendant denies the allegations of Paragraph 39 of the Complaint.

36. Defendant admits the allegations of Paragraph 40 of the Complaint.

37. As to the allegations of Paragraph 41 of the Complaint, Defendant avers that the cited statutory language speaks for itself.

38. Defendant denies the allegations of Paragraph 42 of the Complaint.

39. Defendant denies the allegations of Paragraph 43 of the Complaint.

40. Defendant denies the allegations of Paragraph 44 of the Complaint.

41. Defendant denies the allegations of Paragraph 45 of the Complaint.

42. Defendant denies the allegations of Paragraph 46 of the Complaint.

43. As to the allegations of Paragraph 47 of the Complaint, Defendant avers that the Plaintiff was aware of the entity with which she had contracted.

44. Defendant admits the allegations of Paragraph 48 of the Complaint.

45. Defendant denies the allegations of Paragraph 49 of the Complaint.

46. Defendant admits the allegations of Paragraph 50 of the Complaint, but avers that Plaintiff was aware of the creditor to whom the debt was owed.

47. Defendant denies the allegations of Paragraph 51 of the Complaint.

48. Defendant admits that the cited statute contains the language quoted in Paragraph 52 of the Complaint.

49. Defendant admits the allegations of Paragraph 53 of the Complaint.

50. Defendant denies the allegations of Paragraph 54 of the Complaint.

51. Paragraph 55 of the Complaint contains argument which neither asserts facts nor states a cause of action and should therefore be stricken.

52. Paragraph 56 of the Complaint contains argument which neither asserts facts nor states a cause of action and should therefore be stricken.

53. Paragraph 57 of the Complaint contains argument which neither asserts facts nor states a cause of action and should therefore be stricken.

54. Defendant denies the allegations of Paragraph 58 of the Complaint.

55. As to the allegations of Paragraph 59 of the Complaint, Defendant admits that in the event that this case goes to trial, that the Plaintiff would be entitled to a jury.

56. Defendant realleges and incorporates by reference his responses to Paragraphs 1 – 59 of the Complaint as if set forth fully herein.

57. Defendant denies the allegations of Paragraph 61 of the Complaint.

58. Defendant denies the allegations of Paragraph 62 of the Complaint.

59. Defendant realleges and incorporates by reference his responses to Paragraphs 1 – 62 of the Complaint as if set forth fully herein.

60. The allegations of Paragraph 64 of the Complaint contain arguments which neither state facts nor assert a cause of action and should therefore be stricken.

61. Paragraph 65 of the Complaint contains argument which neither states facts nor asserts a cause of action and should therefore be stricken.

62. Defendant denies the allegations of Paragraph 66 of the Complaint.

63. Defendant denies the allegations of Paragraph 67 of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 68 of the Complaint and therefore denies same.

65. Defendant denies the allegations of Paragraph 69 of the Complaint.

66. Defendant denies the allegations of Paragraph 70 of the Complaint.

67. As to the prayer for relief, Defendant denies that Plaintiff is entitled to any relief whatsoever.

68. All allegations of the Complaint not hereinbefore admitted, denied or explained are here and now denied as if explicitly set out herein and denied.

### THIRD DEFENSE

Pleading affirmatively, Defendant avers that Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTH DEFENSE

Pleading affirmatively, Defendant avers that the contract underlying the debt Plaintiff owed Defendant's client conformed to Tennessee law.

### FIFTH DEFENSE

Pleading alternatively and affirmatively, Defendant avers that even if the subject contract did not conform to Tennessee law, Defendant's reasonable belief that it did in fact conform to Tennessee law bars Plaintiff's claims against Defendant under the FDCPA.

### SIXTH DEFENSE

Pleading affirmatively, Defendant avers that Plaintiff is guilty of laches, barring her claims.

## SEVENTH DEFENSE

Pleading affirmatively, Defendant avers that Plaintiff is guilty of unclean hands, barring her claims.

## EIGHTH DEFENSE

Pleading affirmatively, Defendant avers that any violation of the Fair Debt Collection Practices Act was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Therefore, Defendant may not be held liable pursuant to U.S.C. § 1692k(c).

And now, having fully answered the allegations made against it, Defendant requests that the case against it be dismissed, with costs and attorney's fees adjudged against Plaintiff.

Respectfully submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: /s/ J. Scott McDearman
    J. Scott McDearman, BPR No. 012174
    *Attorneys for Defendant*
    633 Chestnut Street, Suite 900
    Chattanooga, TN 37450-0900
    (423) 756-8400 t
    (423) 756-6518 f
    smcdearman@gkhpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed on the electronic filing receipt, as indicated below. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                Alan C. Lee, Esq.
                Attorney at Law
                P.O. Box 1357
                Talbott, TN 37877-1357
                ALeeAttorney@gmail.com

                Brent S. Snyder, Esq.
                2125 Middlebrook Pike
                Knoxville, TN 37921
                BrentSnyder77@gmail.com

      This 5th day of June, 2019.

                                        GRANT, KONVALINKA & HARRISON, P.C.

                                        /s/ J. Scott McDearman
                                        J. Scott McDearman

R856\002\PLE\Answer